BRADLEY *et al.* v. JUDD *et al.*, *Appellants.*

### Division One, March 12, 1895.

The Case of *Bryant v. Russell, ante,* p. 422, followed and affirmed.

*Appeal from Jackson Circuit Court.*—HON. J. H.
SLOVER, Judge.

AFFIRMED.

*Kinley & Kinley* for appellants.

*F. H. Dexter* and *J. L. Grider* for respondent.

BARCLAY, J.—This case involves the identical questions of law, and presents the same facts, as those stated and discussed in *Bryant v. Russell,* decided at this term of court (127 Mo. 422; 30 S. W. Rep. 107).

In directing an affirmance of judgment in this case upon the same terms, and for the reasons given, in the *Bryant case,* we wish also to acknowledge our obligations to our learned brother SLOVER for the valuable assistance derived from his opinion, delivered in these cases on the circuit, which we fully approve as subjoined.

Some new points were discussed by the appellants here, not touched by the opinion of our brother, so that it became appropriate to add some comments in this court. Judgment affirmed as above stated. BRACE, C. J., and MACFARLANE and ROBINSON, JJ., concur.

SLOVER, J.—"This application involves a construction of the recent amendments of articles VIII and IX of the Kansas City charter, adopted February 27, 1892,

as to the right of persons to redeem their property from special tax sales.

"Article VIII relates to grading streets, and points out the manner of doing so, provides for a benefit district, and for a judgment against the property benefited for the amount of the assessment.

"Article IX provides for improving the street, laying sidewalks, and the issue of special tax bills for the work thus done. Section 17 of article IX requires the city treasurer to keep a book called a special tax record, which shall be complete and full and show all special tax bills, if any, issued under this charter, and all benefit assessments arising out of condemnation and grading cases, made under the provisions of articles VII and VIII, respectively, of this charter, which may be in his hands for collection against any lot or parcel of land in Kansas City. Any and all special assessments therein contained, whether arising out of the issuance of special tax bills as in this article provided, or by virtue of the verdict or report of juries or commissioners in said condemnation or grading proceedings, respectively, shall be considered for the purpose of collecting and receiving payment thereof as special taxes against any lot or parcel of land against which the same may be a lien, and, upon application to the city treasurer for the amount of general city taxes against any lot or parcel of land in Kansas City, said treasurer shall also furnish to the party making such application a list of all special tax bills and such benefit assessments against said lot or parcel of land as appears by such record at that time.

"It was evidently the purpose of the people by the adoption of this amendment to require all demands of the city against any particular lot, whether in the form of assessment for grading a street or any special tax bills issued for improving it, or general city taxes, to

be embodied in one book, so that the owner, or any one interested in the property thus charged with general or special demands, could conveniently pay these several charges; and, in case of a sale of the property, redeem it without being driven to expensive litigation in the event the property had been sacrificed by a public sale to pay so small a tax or judgment against it.

"It is a part of the common history of our municipal improvements that they were often attended by extreme hardships to the holders of small properties; and the property was often encumbered with a debt it was difficult for the owner to pay within the time limited by the law, and the result was in many cases a sale of the property at a sacrifice; and it was to remedy in part this condition of things that this amendment (permitting the owner to redeem his property) was adopted without compelling him to resort to expensive and prolonged litigation in doubtful efforts to recover his property. These amendments are in the interest of good government and economy for the people, and the right to redeem applies to assessments for grading streets as well as paving and otherwise improving them, and these beneficial provisions should receive the sanction and encouragement of the court by giving to them a liberal interpretation."